UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND JOSEPH COCKERHAM, JR. (#58005)                CIVIL ACTION

VERSUS

PARISH OF ASCENSION, ET AL.                           NO. 10-0227-FJP-CN

## RULING ON MOTION

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunctive Relief, rec.doc.no. 10. By Order dated June 24, 2010, rec.doc.no. 25, the Court directed the defendants to file a response thereto. The defendants have now filed their respective responses. See rec.doc.nos. 30, 41 and 42.

The pro se plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Parish of Ascension, Sheriff Jeffrey Wiley, Warden Bobby Weber, Dr. Stephen Holmes, Nurse Michelle Guerin, and Nurse Rhonda, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically through a failure to provide "appropriate pain management and other medical treatment" for his congenital spina bifida occulta.

In the instant motion, the plaintiff asserts that he is suffering continuing pain and limited mobility as a result of his condition, leading to "weight gain, ... loss of muscle strength and muscle tone, edema, chest pains, shortness of breath, and the lessening of plaintiff's physical endurance levels." He asserts that prior to his incarceration, he was treated by an orthopedic surgeon who prescribed medication for pain ("Lorcet") and anxiety ("Valium"), and also prescribed occasional spinal and back muscle manipulation and massage. The plaintiff asserts

that such treatment "is what an appropriate treatment would consist of" but that such treatment is being denied to him by the defendants. Instead, medical providers at the Ascension Parish Jail have provided only Alleve for pain and, more recently, Flexeril for muscle spasms. He prays to be referred to a specialist for treatment and to be provided with stronger pain medication.

The Court concludes that the plaintiff is not entitled to the relief requested. The defendants have provided copies of the plaintiff's medical records which reflect that the plaintiff has been provided with substantial medical attention. As of May, 2010, he had been seen by a physician on at least three occasions at the prison and had been advised to exercise and to lose weight. In addition, it appears that a referral was written in March, 2010, for the plaintiff to be seen by an orthopedic specialist at Earl K. Long Hospital in Baton Rouge, Louisiana. It further appears that in April, 2010, medical staff at the prison apparently contacted the plaintiff's former othopedic surgeon and were informed by that physician that the physician concurred with the plaintiff's course of treatment at the prison. Accordingly, although the plaintiff is clearly unhappy with the medical care which he has received, it is apparent that he has been provided with medical treatment and that his complaints have not been ignored. In this regard, the law is clear that an inmate's mere unhappiness with the level or extent of his medical care does not rise to the level of a constitutional violation in the absence of deliberate medical indifference, Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). On the record before the Court, therefore, the plaintiff has not made out a showing of entitlement to injunctive relief. Accordingly, the Court concludes that the plaintiff's request for injunctive relief does not present an issue ripe for such relief. Specifically, the plaintiff has failed to establish any

of the four elements warranting such relief: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if the injunction is granted; (3) an interest consistent with the public good; and (4) a substantial likelihood of success on the merits. <u>Canal Authority v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974). Therefore,

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunctive Relief, rec.doc.no. 10, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this 5 day of August, 2010.

_____
FRANK J. POLOZOLA
UNITED STATES DISTRICT JUDGE