UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RAYMOND JOSEPH COCKERHAM, JR. (#58005)            CIVIL ACTION

VERSUS

PARISH OF ASCENSION, ET AL.            NO. 10-0227-FJP-CN

### RULING ON MOTION

This matter comes before the Court on the plaintiff's Motion for Issuance of a Cease and Desist Order, rec.doc.no. 55, which the Court interprets as a motion for preliminary injunctive relief.

The pro se plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Parish of Ascension, Sheriff Jeffrey Wiley, Warden Bobby Webre, Dr. Stephen Holmes, Nurse Michelle Guerin, and Nurse Rhonda, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically through a failure to provide "appropriate pain management and other medical treatment" for his congenital spina bifida occulta.

In the instant motion, the plaintiff now complains that defendant Michele Guerin has been verbally abusive to him, and he requests an Order compelling her to stop subjecting him to such harassment. The plaintiff is not entitled to the relief requested. Pursuant to well-settled jurisprudence, allegations of verbal abuse alone do not present claims under § 1983 and certainly do not present a danger of irreparable injury, which is a prerequisite for injunctive relief. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." McFadden v. Lucas, 713 F.2d 143 (5th Cir.), cert. denied, 464 U.S. 998, 104 S.Ct. 499 (1983); Burnette v.

Phelps, 621 F.Supp. 1157 (M.D. La. 1985); Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). Accordingly, the plaintiff's allegation that defendant Guerin is subjecting him to harassment and verbal abuse does not make out a showing of entitlement to injunctive relief. Specifically, the plaintiff has failed to establish any of the four elements warranting such relief: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if the injunction is granted; (3) an interest consistent with the public good; and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Therefore,

**IT IS ORDERED** that the plaintiff's request for preliminary injunctive relief, rec.doc.no. 55, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___1___ day of September, 2010.

                                                    _____
                                                    FRANK J. POLOZOLA
                                                    UNITED STATES DISTRICT JUDGE