**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RAYMOND JOSEPH COCKERHAM, JR. (#58005)**                          CIVIL ACTION

**VERSUS**

**PARISH OF ASCENSION, ET AL.**                                              NO. 10-0227-FJP-CN

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, November 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RAYMOND JOSEPH COCKERHAM, JR. (#58005)**      CIVIL ACTION

**VERSUS**

**PARISH OF ASCENSION, ET AL.**      NO. 10-0227-FJP-CN

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the Motion to Dismiss of defendant Stephen Holmes, rec.doc.no. 27. This motion is opposed.

The pro se plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Parish of Ascension, Sheriff Jeffrey Wiley, Warden Bobby Weber, Dr. Stephen Holmes, Nurse Michelle Guerin, and Nurse Rhonda, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically the plaintiff alleges (1) that he suffers with congenital defects of the spine (spina bifida occulta and scoliosis), (2) that prior to his incarceration in December, 2008, he was undergoing monthly treatment with an orthopedic surgeon who prescribed medication for pain, anxiety and muscle spasms (Lorcet and Valium), and occasional manipulation and massage, (3) that since his confinement, he has been provided only with Aleve for complaints of pain and, more recently, Flexeril for muscle spasms, (4) that he has not been provided with access to an orthopedist or a physician with knowledge of the appropriate treatment and medication for his condition, and (5) that he is currently suffering severe pain and has been rendered unable to exercise or attend to his daily hygienic needs, resulting in weight gain, muscle atrophy, increased blood pressure, chest pain and shortness of breath.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In the instant motion, the defendant physician contends that the plaintiff is alleging only medical malpractice because the plaintiff alleges only that the defendant "refuse[s] to provide appropriate pain management and other medical treatment." The defendant further asserts that the plaintiff's claim of medical malpractice is premature because, under the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, et seq., such a claim may not be prosecuted against a qualified health care provider unless and until the claim has been presented for review before a medical review panel pursuant to La. R.S. 40:1299.47, which the plaintiff has not done. While the defendant is correct that, if the plaintiff had asserted only a claim of medical malpractice under state law, his claim would fall under the referenced statute and would therefore be premature. However, the plaintiff's Complaint has been filed on a form for the assertion of claims based on the violation of his constitutional civil rights under 42 U.S.C. § 1983, and he specifically alleges in his Complaint that "[t]he defendants intentionally, willfully, maliciously, and with full knowledge caused injury, pain and suffering,

and mental anguish during the discharge of official duties and/or within the course and scope of employment." Further, the plaintiff's Complaint makes no reference to negligence or to medical malpractice, and makes no attempt to invoke supplemental federal jurisdiction over any state law claims. Accordingly, inasmuch as the Louisiana Medical Malpractice Act defines malpractice as an "<u>unintentional</u> tort or breach of contract", <u>see</u> La. R.S. 40:1299.41(A)(13) (emphasis added), and inasmuch as a claim for the violation of constitutional civil rights, in contrast, involves intentional wrongdoing on the part of a state official, or an analogous state of mind described as "deliberate indifference", the Louisiana Medical Malpractice Act has no application to the plaintiff's claim of intentional, willful and malicious wrongdoing. Therefore, the defendant's Motion to Dismiss should be denied. <u>See</u> <u>Thomas v. James</u>, 809 F.Supp. 448 (W.D. La. 1993). <u>See also</u>, <u>Parish v. Lee</u>, 2004 WL 877103 (E.D. La., April 22, 2004) (holding that an inmate plaintiff "is not required to present his § 1983 claims of <u>intentional</u> indifference to a medical review panel."); <u>Adams v. Foti</u>, 2004 WL 241859 (E.D. La., Feb. 5, 2004) (same); <u>McCray v. Canulette</u>, 1987 WL 11774 (E.D. La., May 29, 1987) (same).

<u>RECOMMENDATION</u>

It is recommended that the Motion to Dismiss of defendant Stephen Holmes, rec.doc.no. 27, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, November 2, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**