UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RAYMOND JOSEPH COCKERHAM, JR. (#58005)**                CIVIL ACTION

**VERSUS**

**PARISH OF ASCENSION, ET AL.**                           NO. 10-0227-FJP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, March 15, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RAYMOND JOSEPH COCKERHAM, JR. (#58005)**          **CIVIL ACTION**

**VERSUS**

**PARISH OF ASCENSION, ET AL.**          **NO. 10-0227-FJP-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motions for Summary Judgment, rec.doc.nos. 69, 70 and 71.

The pro se plaintiff, an inmate confined at the Ascension Parish Jail, Donaldsonville, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Parish of Ascension, Sheriff Jeffrey Wiley, Warden Bobby Weber, Dr. Stephen Holmes, Nurse Michelle Guerin, and Nurse Rhonda Shear, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically the plaintiff alleges (1) that he suffers with congenital defects of the spine (spina bifida occulta and scoliosis), (2) that prior to his incarceration in December, 2008, he was undergoing monthly treatment with an orthopedic surgeon who prescribed medication for pain, anxiety and muscle spasms (Lorcet and Valium), and occasional manipulation and massage, (3) that since his confinement, he has been provided only with Aleve for complaints of pain and, more recently, Flexeril for muscle spasms, (4) that he has not been provided with access to an orthopedist or a physician with knowledge of the appropriate treatment and medication for his condition, and (5) that he is currently suffering severe pain and has been rendered unable to exercise or attend to his daily hygienic needs, resulting in weight gain,

muscle atrophy, increased blood pressure, chest pain and shortness of breath.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. In the context of a motion for summary judgment, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and the nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence. Id. Once the movant has carried his burden of proof, however, the nonmovant may not sit idly by and wait for trial. Page v. Delaune, 837 F.2d 233 (5th Cir. 1988). Rather, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. Celotex Corp. v. Catrett, supra. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56.

The Court concludes, on the record before it, that the defendants' motions should be denied at this juncture. None of the defendants have introduced certified medical records, affidavits or other documentation reviewable by this Court on motion for summary judgment to reflect the severity of the plaintiff's medical condition, the treatment provided or available to him in response to his complaints, or the respective obligations, duties or conduct of the individually named defendants. Whereas the defendants have attached copies of documents which purport to be the plaintiff's medical records and administrative grievance records, these documents are neither certified not supported by sworn

affidavits and so are not properly before the Court.  See Martin v. John W. Stone Oil Distributor, Inc., 819 F.2d 547 (5th Cir. 1987)("Unsworn documents are ... not appropriate for consideration [on motion for summary judgment]").  Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be supported by depositions, discovery responses, affidavits, or certified or sworn copies of admissible documents.  "To be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'...  A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment."  Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542 (9th Cir. 1989).  See also, Cummings v. Roberts, 628 F.2d 1065 (8th Cir. 1980)(Seventeen pages of medical records attached to affidavit "were not certified as required by Fed.R.Civ.P. 56(e) and thus were not properly considered by the district court."); Hamilton v. Keystone Tankship Corp., 539 F.2d 684 (9th Cir. 1976)("Exhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment."); Moffett v. Jones County, 2009 WL 1515119 (S.D. Miss., June 1, 2009)("The records are not certified ... nor sworn in any way, thus they are inadmissible"); Rizzuto v. Allstate Ins. Co., 2009 WL 1158677 (E.D. La., April 27, 2009)(same); 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2722 (3rd ed. 1998).  Accordingly, the documents provided by the defendants are not reviewable on summary judgment.  Further, the defendants have not presented the affidavits of any of the defendants as to the care that was provided or available to the plaintiff at the Ascension Parish Jail, nor have they presented any affidavits from

medical experts competent to testify regarding the severity of the plaintiff's condition or the appropriateness of his treatment. Accordingly, although the defendants contend that the plaintiff's condition does not rise to the level of a "serious medical need" for which care was not provided, there is no competent evidence in the record upon which this determination may be made. Accordingly, it is appropriate for the Court to defer ruling on the plaintiff's claims pending an adequate evidentiary showing.

## RECOMMENDATION

It is recommended that the defendants' Motions for Summary Judgment, rec.doc.nos. 69, 70 and 71, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, March 15, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**